1  E. MARTIN ESTRADA
   United States Attorney
2  MACK E. JENKINS
   Assistant United States Attorney
3  Chief, Criminal Division
   ELIA HERRERA (Cal. Bar No. 293278)
4  Assistant United States Attorney
   International Narcotics, Money Laundering,
5  and Racketeering Section
        1400 United States Courthouse
6       312 North Spring Street
        Los Angeles, California 90012
7       Telephone:  (213) 894-2024
        Facsimile:  (213) 894-0141
8       E-mail:     elia.herrera@usdoj.gov

9  Attorneys for Applicant
   UNITED STATES OF AMERICA

10

11              UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  IN RE: CELLULAR TELEPHONES          No. **2:24-MJ-01782**

14                                      [~~PROPOSED~~] WARRANT

15                                      **(UNDER SEAL)**

16

17       Upon application by the United States of America, supported by

18  the law enforcement agent's affidavit, for a warrant relating to the

19  following cellular telephones:

20       a.   213-590-7227, a cellular telephone issued by AT&T

21  Wireless ("Carrier #1"), with International Mobile Subscriber

22  Identity ("IMSI") Number 310280101945169 and International Mobile

23  Equipment Identity ("IMEI") Number 358390901312408, subscribed to

24  PREPAID CUSTOMER, 3962 Whittier Blvd., Los Angeles, CA, 90023, and

25  believed to be used by Alex Anthony AVILA ("AVILA"), also known as

26  ("aka") "Tank," ("**Subject Telephone 1**"); and

27       b.   213-466-9923, a cellular telephone issued by T-Mobile

28  ("Carrier #2"; and together with Carrier #1, collectively referred

1  to as the "Carriers"), with IMSI 310240450799454 and IMEI

2  356915090267900, subscribed to subscribed to unknown customer, and

3  believed to be used by Alex FLORES ("FLORES") ("**Subject Telephone**

4  **2**"; and, together with **Subject Telephone 1**, collectively referred to

5  as the "**Subject Telephones**");

6     THIS COURT FINDS THAT there is probable cause to believe that

7  information related to use of the **Subject Telephones** will constitute

8  or yield evidence of violations of 21 U.S.C. § 841(b)(1)(A)

9  (Conspiracy to Distribute Illegal Narcotics for Sale); 18 U.S.C.

10 § 1955 (Illegal Gambling); and 18 U.S.C. § 922(g) (Felon in

11 Possession of Firearms and Ammunition) (the "Target Offenses"),

12 committed by AVILA, FLORES, and others known and unknown (the

13 "Target Subjects").

14    THIS COURT FURTHER FINDS THAT, pursuant to 18 U.S.C. § 3123,

15 the attorney for the government has certified that the information

16 likely to be obtained is relevant to an ongoing criminal

17 investigation of the Target Subjects being conducted by the Federal

18 Bureau of Investigation (the "Investigating Agency") for violations

19 of the Target Offenses.

20    THIS COURT FURTHER FINDS reasonable cause exists to believe

21 that providing notification of this warrant at this juncture to the

22 subscribers of the **Subject Telephones** may have an adverse result.

23    GOOD CAUSE HAVING BEEN SHOWN, THIS COURT HEREBY ISSUES THIS

24 WARRANT AND ORDERS THAT:

25    1.   The Carriers shall provide to the Investigating Agency

26 (1) all cell-site information, to include call detail, text, and

27 data information, and (2) all data collected by the Carrier[s]

28 reflecting the physical location of the **Subject Telephones**,

2

including E-911 Phase II data, latitude and longitude data, and/or network timing information, including Sprint's Per Call Measurement Data, Verizon's Real Time Tool, AT&T's Network Event Location System and T-Mobile's True Call data, and all other records containing timing advance measurements and distance-to-tower measurements for all technologies (CDMA2000, GSM, UMTS, LTE, 5G-NR) (collectively, "Phone Location Information") for the **Subject Telephones** gathered by the Carriers from March 10, 2024 through March 27, 2024 (for historical information), and from March 28, 2024 to May 12, 2024 (for prospective information), along with any other associated data collected by the Carriers, but not including the contents of any communication.

2.    The Investigating Agency shall make a return of this warrant to the United States Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office within ten calendar days after the disclosure of information ceases.  With respect to historical information, the return shall state the period for which information was provided.  With respect to prospective information, the return shall state the date and time the telephone company began providing information pursuant to this warrant, and the period during which information was provided, including pursuant to any orders permitting continued disclosure.

3.    The disclosure of the requested information shall not only be with respect to the **Subject Telephones**, but also with respect to any changed telephone number(s) assigned to an instrument bearing the same ESN, IMSI, or IMEI (hereinafter "unique identifying number") as the **Subject Telephones**, or any changed unique identifying number subsequently assigned to the same telephone

3

Case 2:24-mj-01781-DUTY *SEALED* Document 3 Filed 05/13/24 Page 4 of 5

1  number as the **Subject Telephones**, or any additional changed

2  telephone number(s) and/or unique identifying number, whether the

3  changes occur consecutively or simultaneously, listed to the same

4  wireless telephone account number as the **Subject Telephones** within

5  the period of disclosure authorized by the warrant.

6      4.    The Carriers shall execute the Court's warrant as soon as

7  practicable upon receipt.  If a copy of the warrant is given to the

8  Carriers, the copy may be redacted by law enforcement to exclude the

9  names of the Target Subjects and any description of the offenses

10  under investigation.

11      5.    The Investigating Agency shall reimburse the Carriers for

12  their reasonable expenses directly incurred by the Carriers in

13  providing the requested information and any related technical

14  assistance.

15      6.    To avoid prejudice to this criminal investigation, the

16  Carriers and their agents and employees shall not disclose or cause

17  a disclosure to any person of this Court's warrant, or the request

18  for information by the Investigating Agency or other law enforcement

19  agencies involved in the investigation, or the existence of this

20  investigation, except as necessary to accomplish the assistance

21  hereby ordered, until further order of the Court, until written

22  notice is provided by the United States Attorney's Office that

23  nondisclosure is no longer required, or until one year from the date

24  the Carriers comply with this warrant or such later date as may be

25  set by the Court upon application for an extension by the United

26  States.  In particular, the Carriers and their agents and employees

27  are ordered not to make any disclosure to the lessees of the

28  telephone or telephone subscribers.  Upon expiration of this order,

1 | at least ten business days prior to disclosing the existence of the

2 | warrant, the Carriers shall notify the agent identified below of its

3 | intent to so notify:

4 |     FBI Special Agent Tsoler Kojayan

    11000 Wilshire Blvd., Los Angeles, CA 90024

5 |     310-477-6565

6 |     tkojayan@fbi.gov

7 |     7.   The application, this warrant, and the return to the

8 | warrant shall remain under seal until otherwise ordered by the Court

9 | or until the government determines that these materials are subject

10 | to its discovery obligations in connection with criminal

11 | proceedings, at which time they may be produced to defense counsel.

12 | Law enforcement is permitted to provide a copy of the warrant to the

13 | Carriers.



HONORABLE CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

DATE/TIME OF ISSUE:     3/28/24   11:39 A.M.

5